J-S03038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

JOSEPH J. FOX,                                  :        IN THE SUPERIOR COURT OF
                                                :             PENNSYLVANIA
                        Appellee                :
                                                :
                           v.                   :
                                                :
LINDA L. FOX,                                   :
                                                :
                        Appellant               :        No. 1177 WDA 2016

Appeal from the Order Entered July 13, 2016
in the Court of Common Pleas of Westmoreland County
Civil Division at No(s): 209 of 2002-D

BEFORE:    OLSON, SOLANO, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 20, 2017**

Linda L. Fox (Wife) appeals from the order entered July 13, 2016 denying her motion for specific performance. Specifically, Wife seeks enforcement of a provision in a marital settlement agreement regarding payments triggered by certain modifications of a child support order. We affirm.

Wife and Joseph J. Fox (Husband) were married on May 28, 1989. Subsequent to Husband's filing of a complaint for divorce, the parties entered into a marriage settlement agreement dated November 18, 2002. The agreement provided, in relevant part, the following:

> Husband covenants and agrees to pay Wife child support in the amount of [$1,200] per month until such time as the minor child obtains the age of [21] and/or obtains a Bachelors or equivalent degree, whichever is later. This agreement is non-modifiable and incorporated as part of the marriage settlement

*Retired Senior Judge assigned to the Superior Court.

agreement. In the event that the Court enters an order for child support in an amount less than [$1,200], Husband shall pay to Wife the difference between the support order and [$1,200.]

Marriage Settlement Agreement, 11/18/2002, at ¶ 5(F).

On February 29, 2016, Husband filed a petition for special relief, requesting, *inter alia*, that the court "reform the [marriage settlement agreement] to terminate or limit the duration of the child support payments" and "to provide that as long as child support is to be paid that it is paid directly to his son." Petition for Special Relief, 2/29/2016, at 3. After conducting a hearing on March 29, 2016, and receiving briefs from the parties, the trial court entered an order, which stated in pertinent part that "[Husband's] child support obligation shall cease as of May 31, 2016." Order, 5/31/2016, at 1.

Wife did not appeal the May 31, 2016 order. Instead, on June 24, 2016, Wife filed a motion for specific performance of the marital settlement agreement. In the motion, Wife contended that ¶ 5(F) of the agreement sets forth two types of payments: (1) a child support payment in excess of the statutory requirements, which extends past the age of majority until certain circumstances are met, and (2) a second alternative payment, which is triggered upon any court entering an order for child support in an amount less than $1,200. **See** Motion for Specific Performance, 6/24/2016, at ¶¶ 2-5. Wife asserted she was entitled to the alternative payment contemplated by ¶ 5(F) because the trial court's May 31, 2016 order constituted "an order

for child support in an amount less than [$1,200]" as set forth by ¶ 5(F) of the marriage settlement agreement. ***See id.*** at ¶¶ 6-8. After hearing argument on Wife's motion on July 12, 2016, the trial court entered an order denying the motion without further explanation. Order, 7/12/2016, at 1.[1]

Wife timely filed an appeal from the July 12, 2016 order. Wife complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925. The trial court did not file an opinion and instead, on August 26, 2016, submitted a letter to this Court stating it was adopting its memorandum opinion dated May 31, 2016.[2] In the letter, the trial court suggests Wife should have appealed the May 31, 2016 order and posits that Wife's motion for specific performance "is just her way of getting a second bite at the apple without a record to aid the Honorable Court in its decision." Letter to Superior Court Prothonotary, 8/26/2016, at 1.

On appeal, Wife contends the trial court abused its discretion or erred as a matter of law by denying payment to Wife after a "judicial reduction of child support." Wife's Brief at 2. Preliminarily, we agree with the trial court that, because Wife did not appeal the May 31, 2016 order, the issue of whether the trial court properly interpreted the marriage settlement

---

[1] No transcript was made of the motion presentation.

[2] The May 31, 2016 memorandum opinion accompanied its order ruling on Husband's petition for special relief.

agreement when considering Husband's request to reform the agreement to terminate or limit his child support payments is not before us. What is before us is Wife's contention that Husband still owes her $1,200 a month because the May 31, 2016 order constituted "an order for child support in an amount less than [$1,200]" within the meaning of ¶ 5(F) of the marriage settlement agreement, thereby triggering the alternative payment contemplated by ¶ 5(F).

In considering this issue, we bear in mind that, unless it is merged into the divorce decree, marital settlement agreements are governed by the law of contracts. *Kraisinger v. Kraisinger*, 928 A.2d 333, 339 (Pa. Super. 2007).

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision.

*Id.* (citations omitted).

The standard of enforceability of a marital settlement agreement is well settled: "[a]bsent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." *Crispo v. Crispo*, 909 A.2d 308, 313 (Pa. Super. 2006) (quoting *McMahon v. McMahon*, 612 A.2d 1360, 1363 (Pa. Super. 1992)) (citations omitted). "We are not permitted to review the reasonableness of a marital settlement agreement to

determine its validity." ***Paroly v. Paroly***, 876 A.2d 1061, 1065 (Pa. Super. 2005). A trial court has "neither the power nor the authority to modify or vary the decree unless there is conclusive proof of fraud or mistake." ***Bianchi v. Bianchi***, 859 A.2d 511, 515 (Pa. Super. 2004).

As described above, in his petition for special relief pre-dating the July 12, 2016 order at issue, Husband had requested the trial court reform the marriage settlement agreement, which it did in its May 31, 2016 order. Specifically, the trial court concluded that Husband's "child support obligation shall cease as of May 31, 2016." Order, 5/31/2016, at 1. We note that many of Wife's arguments in her brief concentrate on why she believes the trial court erred in interpreting the marriage settlement agreement in the May 31, 2016 order. However, Wife did not appeal that order, so we are limited to interpreting the marriage settlement agreement as it exists after the entry of the trial court's May 31, 2016 order. Here, it is impossible for us to conclude that the May 31, 2016 order was merely "an order for child support" within the meaning of ¶ 5(F), thereby triggering the alternative payment. Instead, the order reformed the agreement to eliminate Husband's child support obligations entirely. As such, the trial court did not abuse its discretion or err in denying Wife's motion for specific performance as there was nothing left in ¶ 5(F) of the marriage settlement agreement for Husband to perform.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/20/2017